FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 0 8 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOINT MILITARY DEVELOPMENT SERVICES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CHUGACH ALASKA CORPORATION; TATITLEK CORPORATION; TATITLEK MANAGEMENT, INC.; TATITLEK CONTRACTORS, INC.; TATITLEK SUPPORT SERVICES, INC.; RAYMOND VLASOF, in his official capacity as President and Director of TATITLEK SUPPORT SERVICES, INC.; JAMES ROMERDAHL, in his official capacity as Vice President, Secretary, Treasurer, and Director of TATITLEK SUPPORT SERVICES, INC.; RONEL DAVID STEPHENS, individually and in his official capacity as Chief Executive Officer of TATITLEK SUPPORT SERVICES, INC.; and JAMES GLYNN, individually and in his official capacity as Contracts Manager for TATITLEK SUPPORT SERVICES, INC. <br><br> Defendants. | CIVIL ACTION FILE NO. 1:06-CV-1855 GET <br><br> **NOTICE OF REMOVAL** <br> Removed from the Superior Court of Henry County Civil Action File  No. 06-CV-2875-M |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Chugach

Alaska Corporation; Tatitlek Corporation; Tatitlek Management,

Inc.; Tatitlek Contractors, Inc.; Tatitlek Support Services,

Inc. ("TSSI"); Raymond Vlasof; James Romerdahl; Ronel David Stephens; and James Glynn (hereinafter sometimes referred to collectively as "Defendants") give notice of the removal of this action from the Superior Court of Henry County, Georgia, where it is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds for this removal, Defendants state as follows:

1. Defendants are all of the named defendants in a civil action entitled Joint Military Development Services, LLC v. Chugach Alaska Corporation, et al., filed July 12, 2006, in the Superior Court of Henry County, Civil Action File No. 06-CV-2875-M (the "State Court Action"). Copies of all of process, pleadings, and orders served upon Defendants from the State Court Action are attached hereto as Exhibit "A" and are incorporated herein by reference.

2. Because this Notice of Removal is filed within thirty days of service of the original complaint on Defendants (on July 13, 2006), it is timely under 28 U.S.C. § 1446(b).

3. Plaintiff Joint Military Development Services, LLC (hereinafter referred to as "JMDS") is a Georgia limited liability company with its principal place of business in Locust Grove, Georgia. (Complaint, ¶ 1.)

4. At all times material hereto, Defendants were and are corporate residents or individual residents of the state of

2

Alaska.   (Complaint, ¶¶ 2-10.)   As a result, Defendants are not now, and were not at the time of the filing of the complaint, citizens or residents of the State of Georgia.   *28 U.S.C.A § 1332(c).*

5.   Because   JMDS   and   Defendants   are   of   diverse citizenship, this Court has diversity jurisdiction over this action.

6.   In the Complaint, JMDS alleges that: (a) Defendants breached fiduciary duties owing to JMDS (Complaint, ¶¶ 50-62); (b) Defendants conspired to breach fiduciary duties owing to JMDS (Complaint, ¶¶ 63-66); (c) Defendants aided and abetted the breach of fiduciary duties owing to JMDS (Complaint, ¶¶ 67-76); (d) Defendants committed fraud, constructive fraud and equitable fraud (Complaint, ¶¶ 77-100); (e) Defendants made negligent misrepresentations to JMDS (Complaint, ¶¶ 101-108); (f) JMDS is entitled to recover compensatory damages from Defendants under the theory of quantum meruit (Complaint, ¶¶ 109-112); (g) JMDS is entitled to recover compensatory damages from Defendants under the theory of unjust enrichment (Complaint, ¶¶ 113-117); (h) JMDS is entitled to recover compensatory damages from Defendants under the theory of promissory estoppel (Complaint, ¶¶ 118-124); (i) Defendants violated the Georgia Racketeer Influenced and Corrupt Organizations act ("RICO") (Complaint, ¶¶ 125-136); (j) TSSI

3

breached an oral agreement with JMDS (Complaint, ¶¶ 137-141); (k) JMDS is entitled to an award of attorneys' fees pursuant to O.C.G.A. § 13-6-11 (Complaint, ¶¶ 142-144); and (l) JMDS is entitled to an award of punitive damages. (Complaint, ¶¶ 145-146).

7. In the complaint, JMDS seeks to recover 49% of the profits on a $32,000,000 military services contract (the "29 Palms Contract") which was awarded to TSSI[1], attorneys' fees, and unspecified punitive damages. Because JMDS makes an inexact or unspecified claim for damages, Defendants need only prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 minimum for diversity jurisdiction. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). JMDS' claims for compensatory damages, punitive damages and attorneys' fees are aggregated for the purpose of satisfying the jurisdictional minimum. *Smith v. Bally's Holiday*, 843 F. Supp. 1451, 1454 (N.D. Ga. 1994)(*citing Bell v. Preferred Life Assur. Soc. of Montgomery, Al.*, 320 U.S. 238 (1943)); *Hall v. Travelers Ins. Co.*, 691 F. Supp. 1406 (N.D. Ga. 1988).

---

[1] Plaintiff's demand for 49% of the profits on the 29 Palms Contract is asserted in each of the twelve counts of the complaint.

8.    Although JMDS does not specify the total amount of damages it seeks in the complaint, the amount in controversy plainly exceeds $75,000. JMDS demands 49% of the profits from the 29 Palms Contract (which is a $32,000,000 contract). The 29 Palms Contract calls for twenty separate "missions" to be provided by TSSI. To date, TSSI has completed six of the missions, which have produced a profit of approximately $150,000. Accordingly, upon completion of the 29 Palms Contract, the profit will be approximately $500,000. JMDS seeks 49% of the profit, which means that the amount in controversy is at least $250,000. JMDS' claim satisfies the $75,000 jurisdictional minimum and vests this Court with diversity jurisdiction over this action.

9.    Without admitting the validity of JMDS' claims, if JMDS prevails on its RICO claim Defendants will be required to pay JMDS (a) an amount equal to three times the profits that JMDS seeks in the complaint and (b) attorneys' fees. *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 758 (11th Cir. 2000); *O.C.G.A. § 16-14-6(c)*. To date, the profit margin on the 29 Palms Contract has been approximately 1.56%. Applying this profit margin to the entire 29 Palms Contract, the profit at the end of the job will be approximately $500,000. Accordingly, JMDS' RICO claim alone would constitute a claim for $1,500,000 in compensatory damages (exclusive of attorney's fees). Even

5

assuming a total profit of only the current profit of $150,000, JMDS' RICO claim would constitute a claim for $450,000 exclusive of attorney's fees.

10. Without admitting the validity of JMDS' claims, Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Williams v. Best Buy Company, Inc.*, 269 F.3d at 1319; *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d at 1359. Because the requisite jurisdictional minimum exists and because JMDS and Defendants are of diverse citizenship, this case is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. 1332(a). It is, therefore, properly removable by Defendants pursuant to 28 U.S.C. § 1446(b).

11. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal is being filed with the Clerk of the Superior Court of Henry County and served upon counsel for all parties. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B" and is incorporated herein by reference.

12. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to undertake post-removal jurisdictional discovery and to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE,** Defendants, desiring to remove this case to the United States District Court for the Northern District of Georgia, Atlanta Division, being the district of said court for the county in which said action is pending, pray that the filing of this Notice of Removal and the filing of the Notice of Filing Notice of Removal with the Clerk of the Superior Court of Henry County, shall effect the removal of said suit to this Court.

Respectfully submitted this _____ day of August, 2006.

Kenneth G. Menendez
Georgia Bar No. 502045

Jeffery R. Saxby
Georgia Bar No. 623423

Epstein Becker & Green, P.C.
Resurgens Plaza, Suite 2700
945 East Paces Ferry Road
Atlanta, GA 30326
Telephone: (404) 923-9000
Facsimile: (404) 923-9099

Attorneys for Defendants

7

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel for Plaintiff the foregoing "Notice of Removal" by having a copy of same delivered via overnight mail to:

> J. Benjamin Finley, Esq.
> Finley & Buckley
> 2931 North Druid Hills Road
> Suite C
> Atlanta, Georgia 30329

This ___8___<sup>TH</sup> day of August, 2006.

Kenneth G. Menendez
Georgia Bar No. 502045

AT:450242